UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TRUSTEES of the BAKERY and
CONFECTIONARY WORKERS
INTERNATIONAL UNION OF
AMERICA LOCAL No.3 WELFARE
FUND and TRUSTEES of the BAKERY
and CONFECTIONARY UNION AND
INDUSTRY INTERNATIONAL
HEALTH BENEFITS AND PENSION
FUND,

                          Plaintiffs,

        - v -

GERTELS UPTOWN, INC.,

                          Defendant.
----------------------------------------------------------x

**REPORT AND RECOMMENDATION**

CV 11-1311 (KAM)(VVP)

The plaintiffs' motion for a default judgment was referred by the Honorable Kiyo Matsumoto to the undersigned to conduct a damages inquest hearing and to issue a report and recommendation regarding the relief to be awarded to the plaintiffs, the Trustees of the Bakery and Confectionary Workers International Union of America Local No.3 Welfare Fund and Trustees of the Bakery and Confectionary Union and Industry International Health Benefits and Pension Fund (hereinafter collectively "the Funds", or "the Trustees"), as against the defaulting defendant Gertels Uptown, Inc. (hereinafter "Gertels"). The Trustees are the administrators of various employee benefit plans to which the defendant was obligated to make contributions pursuant to a collective bargaining agreement ("CBA") between Local 3 ('the Union') and the defendant. *See* Complaint ¶ 8. The case involves alleged violations of the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") stemming from the

defendant's failure to pay contributions to the Funds as required by the terms of the CBA. *Id.* ¶¶ 9-10. The plaintiffs seek to recover the delinquent contributions plus interest and liquidated damages under ERISA. The plaintiffs also request that the court award attorney's fees and costs.

A. **ENTRY OF DEFAULT JUDGMENT**

"It is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001), *quoting Shah v. N.Y. State Department of Civil Services*, 168 F. 3d 610, 615 (2d Cir. 1999) (internal quotations omitted). When deciding whether to enter default the court considers various factors, including (1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay; (5) whether the grounds for default are clearly established; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect default would have; and (8) whether the court believes it later would be obligated to set aside the default on defendant's motion. *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d at 281 *citing* Moore's Federal Practice § 555.20 {2} {b} (3d ed. 1999). In civil actions, when a party fails to appear after given notice, the court normally has justification for entering default. *Bermudez v. Reid*, 733 F. 2d 18, 21 (2d Cir. 1984).

The plaintiffs have filed an affidavit of a licensed process server attesting to service of the summons and complaint in this action on the defendant in accordance with the provisions of Section 311 (a)(1) of the New York Civil Practice Law and Rules. That method of service is authorized by Rule 4 (c)(1) of the Federal Rules of Civil Procedure. The defendant has failed to

interpose an answer, or otherwise respond to the complaint. Nor has the defendant responded to the plaintiffs' application for default. The grounds for default are therefore clearly established, and there are no grounds for believing the default is based on a good-faith mistake or technicality. *See Cablevision Systems of New York City Corporation v. Leach*, No. 01 Civ. 9515, 2002 WL 1751343, at *2 (S.D.N.Y. July 26, 2002) (default wilful where defendant never responded to complaint, appeared, or explained default). Finally, based on the defendant's inaction, it is unlikely that the court will be compelled at some future date to enter an order vacating the default judgment. Judgment by default should therefore be granted so long as liability and damages are appropriately established.

**B.     LIABILITY**

By virtue of the defendant's default, the well-pleaded allegations of the Complaint are deemed admitted, except as to the amount of the plaintiffs' damages. *See, e.g.*, *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The Funds are multi-employer benefit trusts, organized under ERISA, and administered by representatives of employers and employees. *See* Complaint ¶ 4. The court is required to accept as true that the defendant was obligated, under the CBA with Local 3, to pay fringe benefit contributions to the plaintiffs for all work performed by those employees of the defendant-employer within the trade and geographical jurisdiction of the union. *Id.* ¶¶ 7-8. The court further accepts as fact the allegations that Gertels owes fringe benefit contributions contractually due to the plaintiffs. *Id.* ¶¶ 13, 17, 22, 26. The defendant has refused to pay the outstanding contributions. *Id.* ¶¶ 15, 24.

The defendant's obligations under the CBA are enforceable under ERISA. *See* 29 U.S.C. § 1132(a)(3).

These facts are sufficient to establish the defendant Gertels' liability for violations of ERISA which states, "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**C. DAMAGES**

ERISA provides a right of action for recovery of

(A) the unpaid contributions
(B) interest on the unpaid contributions
(C) an amount equal to the greater of -
(I) interest on the unpaid contributions, or
(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A).
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). The plaintiffs are seeking recovery for all the above listed items except for those in subsection (E).

Having provided notice to the defaulting defendant, the court is permitted to consider affidavits in lieu of holding an evidentiary hearing on the appropriate amount of damages to be awarded. *See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 11 (2d Cir. 1997) ("We have held that, under rule 55(b)(2), it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages

specified in the default judgment."); *accord, Fustok v. ContiCommodity Serv., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993). There being no objection by any party to that procedure, the court has received and considered affidavits submitted by the plaintiffs. The defendant has made no submissions as to damages.

Rule 55(b) requires the court to make an independent assessment of damages when deciding a motion for default judgment. *See Securities & Exch. Comm'n v. Management Dyn., Inc.,* 515 F.2d 801, 814 (2d Cir. 1975). In support of the request for delinquent contributions, and other statutory damages, the plaintiffs have submitted an affirmation by Stuart Wachnin, the Funds Administrator. S*ee* Affidavit of Stuart Wachnin in Support of Entry of a Motion for Default Judgment ("Wachnin Aff."). Wachnin's Affidavit contains copies of the applicable CBA, the related Declaration of Trust, and the plaintiffs' Collection Policy. *Id.* ¶¶ 4-8, Exh A-D. In his role as Fund Administrator, Wachnin is responsible for collecting contributions from employers and remitting the contribution to the Funds. *Id.* ¶ 1. According to Wachnin, the defendant was required to make contributions according to schedules set forth in the CBA. *Id*. ¶ 7, Exh. C. Wachnin asserts that from December 31, 2010 though June 30, 2011, the defendant failed to make contributions to the Welfare Fund in the amount of $10,500, and from December 31, 2010 through September 15, 2011 failed to make contributions to the Pension Fund in the amount of $672. *Id.* ¶¶ 11-12. Wachnin also provides a spreadsheet which purports to summarize the amounts due. *Id.* ¶ 18, Exh. E.

Although Wachnin's affidavit provides some information with respect to the unpaid contributions it has significant flaws. First, although the court presumes that the Fund Administrator responsible for collecting fund contributions would be a person with actual

knowledge of many of the facts stated in the affidavit, Wachnin does not provide a factual basis to substantiate the amount of delinquent contributions. Although Wachnin's statements are made under penalty of perjury, and the court does not have a reason to doubt the veracity of the assertions, he simply restates a conclusion. The affidavit does not establish the number of hours worked by covered employees, the contributions rates per hour for each fund, or documentation such as remittance reports to substantiate the amounts owed. In short the affidavit provides no evidentiary basis whatsoever for the amounts claimed to be due.

The absence of such sworn statements by persons with actual knowledge of the facts, deprives the court of the ability to make an independent assessment of the damages to be awarded. *See Laborers' Local Union No. 91 Welfare Fund v. Danco Construction, Inc.,* 1996 WL 189510 , at * 1 (W.D.N.Y. Apr. 17, 1996) (conclusory statement that certain amount is due is insufficient proof of delinquent ERISA contributions). The court should not overlook these failures in the plaintiffs' submissions. There is no reason why the standards for affidavits submitted in connection with motions for default judgments should be any different from those applicable on motions for summary judgment, where affidavits must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show " 'that the affiant is competent to testify to the matters stated therein'." *Dorcely v. Wyandanch Union Free School District.,* No. 06-1265 (DRH)(AKT), 2009 WL 3232866, at * 8 (E.D.N.Y. Sept. 30, 2009) *citing Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir.2004) (*quoting* Fed.R.Civ.P. 56(e)). "Rule 56(e)'s requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create

a genuine issue for trial." *Patterson*, 375 F.3d at 219 (*citing Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir.1999)). Instead of conclusively denying the plaintiffs a damages award, however, the court should deny the motion for a default judgment in part with leave granted to renew the motion upon the submission of a more complete affidavit or other sworn statement by a person or persons with actual knowledge. Such an affidavit should also provide the proper documentation on which the plaintiffs seek to rely to prove damages. Should appropriate filings be submitted to authenticate and explain the amount of unpaid contributions, they could very well support a judgment for the amounts requested, as well as the other relief sought below.

If the plaintiffs establish to the court's satisfaction the amount of unpaid contributions that are owed, they are also entitled to interest on the unpaid contributions. ERISA section 502(g)(2) states, in pertinent part, that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." *See* 29 U.S.C. § 1132(g)(2). The applicable interest rate under the Collection Policy is 2% percent above the prime rate as of January 1. *See* Wachnin Aff. ¶9, Exh. D. At that rate, the plaintiffs assert that they are entitled to interest in the amount $3,111.742 through September 27, 2011. However, as the plaintiffs have not adequately established the amounts due, no interest calculation can be made. In addition, the plaintiffs do not establish what interest rate was actually applied, or how much interest continues to accrue per day. Absent such information, the court cannot recommend an award of interest.

In addition to the unpaid contributions and interest, the plaintiffs may also entitled to liquidated damages in an amount equal to the greater of 20% of the unpaid contributions, or the

interest on the unpaid contributions.  *See* 29 U.S.C. § 1132(g)(2)(C)(ii).  The plaintiffs seek liquidated damages in the amount of 20% of the unpaid ERISA contributions and therefore the plaintiffs would be entitled to such an award upon proof of their damages.  *See* Wachnin Aff. ¶¶ 14-15, Exh. E.

**D.  ATTORNEY'S FEES AND COSTS**

The plaintiffs are also seeking attorney's fees and costs, both of which are available under ERISA, *see* 29 U.S.C. 1132(g)(2)(D).  To determine a fee award in this circuit, the court is charged with deciding the "presumptively reasonable fee" for the work performed in the case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  The first step in this process is for the court, in the exercise of its considerable discretion, "to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate."  *Id.*, 522 F.3d at 190 (emphasis in original); *accord, McDaniel v. County of Schenectady, et al.,* 595 F.3d 411, 420 (2d Cir. 2010).  In determining this "reasonable hourly rate" the court is to be guided by what a paying client would be willing to pay, keeping in mind that a reasonable paying client would wish "to spend the minimum necessary to litigate the case effectively."  *Arbor Hill*, 522 F.3d at 190.  The court then calculates the "presumptively reasonable fee" by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate.  *Id.*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  To facilitate this analysis, the Second Circuit requires that attorneys applying for court-ordered compensation document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done.  *See New York State*

*Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2nd Cir. 1983). Where adequate records are not submitted, the court may deny fees altogether or reduce the award. *See Carey*, 711 F.2d at 1148; *Private Sanitation Union Local 813, Int'l Bhd. of Teamsters v. Gaeta-Serra Associates, Inc.*, No. 02–CV-5526, 2005 WL 2436194, at *3-4 (E.D.N.Y. Aug. 12, 2005). In addition, the court may exclude hours that it finds to be excessive, duplicative, or unnecessary. *Duke v. County of Nassau,* No. 97-CV-1495, 2003 WL 23315463, at *1 (E.D.N.Y. Apr. 14, 2003) (*citing Hensley,* 461 U.S. at 434; *Luciano*, 109 F.3d at 116).

The plaintiffs are seeking attorney's fees of $3,412.50, and costs of $641.18. *See* Wachnin Aff. ¶ 18. Although the fees and costs sought appear to be reasonable, the plaintiffs' have failed to substantiate any of the fees or costs. The submissions do not contain a declaration by an attorney of record to identify the attorneys who worked on this matter, establish the qualifications of those who billed, the rates charged, or the number of hours billed. Absent such documentation, the court cannot consider an award of attorney's fees or costs.

## CONCLUSION

In accordance with the above considerations, the undersigned hereby **RECOMMENDS** that (I) the motion for default judgment as to Gertels Uptown, Inc., be granted as to liability, but denied as to damages with leave to reopen based on appropriate further submissions to cure the deficiencies discussed above, and (ii) pending further submissions by the plaintiffs, no awards be made with respect to the plaintiffs' applications for interest, liquidated damages, attorney's fees and costs.

   *   *   *   *   *   *

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**Counsel for the plaintiffs shall serve a copy of this Report and Recommendation on the defendant by overnight mail and promptly file proof of such service in the record.**

                              Respectfully recommended,

                              *Viktor V. Pohorelsky*
                              VIKTOR V. POHORELSKY
                              United States Magistrate Judge

Dated:     Brooklyn, New York
           March 12, 2012