```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE BAKERY AND
CONFECTIONERY WORKERS INTERNATIONAL
UNION OF AMERICA LOCAL NO. 3 WELFARE        ORDER ADOPTING REPORT
FUND AND TRUSTEES OF THE BAKERY AND         AND RECOMMENDATION
CONFECTIONERY UNION AND INDUSTRY
INTERNATIONAL HEALTH BENEFITS AND           11-cv-1311 (KAM)(VVP)
PENSION FUND,

                        Plaintiffs,

    -against-

GERTELS UPTOWN, INC.,

                        Defendant.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On March 18, 2011, trustees of the Bakery and Confectionery Workers International Union of America Local No. 3 Welfare Fund and the Bakery and Confectionery Union and Industry International Health Benefits and Pension Fund (collectively, "plaintiffs"), commenced this action as fiduciaries of their respective employee benefit plans (the "Funds") against Gertels Uptown, Inc. ("defendant") pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. (ECF No. 1, Complaint ("Compl.") ¶ 1.) Plaintiffs allege that defendant failed to make certain monetary contributions to the Funds as required by a collective bargaining agreement to which defendant

is bound. (*Id*. ¶¶ 8-11.) Upon defendant's failure to timely appear or file an answer, plaintiffs filed a motion for default judgment on July 22, 2011. (*See* ECF No. 5, Motion for Default Judgment.) This court referred the motion to the Honorable Viktor V. Pohorelsky on October 11, 2011. (*See* Order dated 10/11/2011.)

Presently before the court is a Report and Recommendation issued by Magistrate Judge Pohorelsky on March 12, 2012, recommending that this court (1) grant plaintiffs' motion for default judgment against defendant as to liability and (2) deny the motion as to damages with leave to renew upon submission of documentation sufficient to support plaintiffs' claim for damages. (ECF No. 14, Report and Recommendation ("R&R"), at 9.)

At Judge Pohorelsky's direction (*see id*. at 10), counsel for the plaintiffs served on defendant a copy of the Report and Recommendation by overnight mail on March 12, 2012 and filed a declaration of service on March 13, 2012 (*see* ECF No. 15, Affidavit of Service). As explicitly noted on page 10 of the Report and Recommendation, any objections were to be filed within fourteen days of receipt of the Report and Recommendation. (R&R at 10.) The statutory period for filing objections has since expired, and no objections to Magistrate Judge Pohorelsky's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a thorough review of the Report and Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Pohorelsky's thorough and well-reasoned recommendations, the court finds no clear error in Magistrate Judge Pohorelsky's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as the opinion of the court.

## CONCLUSION

The court affirms and adopts Judge Pohorelsky's Report and Recommendation as the opinion of the court and grants plaintiffs' motion for default judgment only as to liability. The court denies plaintiffs' motion as to damages with leave to renew, on notice to defendants, by April 13, 2012, upon submission of documentation that addresses the deficiencies set forth in Judge Pohorelsky's Report and Recommendation at pages 5-

9 and is sufficient to support plaintiffs' claim for damages. Moreover, should plaintiffs' counsel renew their application for fees and costs, they shall do so by April 13, 2012, and shall exclude time for their July 22, 2011 motion for default judgment, and shall support their motion for fees and costs with necessary documentation, including contemporaneous time records, and as described in Judge Pohorelsky's Report and Recommendation.

Counsel for plaintiffs shall serve a copy of this Memorandum and Order upon defendant and file a declaration of service by March 30, 2012.

**SO ORDERED.**

Dated:  March 29, 2012
        Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge